# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:20-cv-22987-BLOOM/Louis

JUAN SARDIÑAS,

    Plaintiff/Counter-Defendant,

v.

MIAMI VETERINARY SPECIALISTS, P.A.,

    Defendant/Counter-Plaintiff.

## ORDER

**THIS MATTER** is before the Court on the Amended Notice of Telephonic Discovery Hearing, (ECF No. 62) filed by Plaintiff/Counter-Defendant Dr. Juan Sardiñas. This matter was referred to the undersigned United States Magistrate Judge by the Honorable Beth Bloom, United States District Judge, for disposition of all discovery matters (ECF No. 12). A hearing was conducted on the noticed disputes on June 29, 2021. This order memorializes but does not alter the rulings made in open court.

In this breach of contract action against Miami Veterinary Specialists, P.A. ("Defendant"), Dr. Juan Sardiñas ("Plaintiff") seeks compensatory damages, plus applicable interest, attorneys' fees and costs from Defendant, or alternatively, a declaratory judgment conclusively establishing the purchase price of Plaintiff's stock in the Defendant company, as well as specific performance of the agreement obligating Defendant to purchase Plaintiff's stock.

Plaintiff sent its First Request for Admission, First Request for Production, and its First Set of Interrogatories on March 15, 2021. On June 22, 2021, Defendant filed its Amended Interrogatories Response, Amended Answer to Plaintiff's Requests for Admission, and its Amended Response to Plaintiff's First Request for Production. Plaintiff then filed its Amended Notice of Hearing on June 24, 2021, challenging Defendant's answers and objections to Plaintiff's

Requests for Admission Nos. 44, 45; Interrogatories Nos. 3, 6, 8, 9; and Requests For Production Nos. 1, 9, 10, 11, 13, 14, 15, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52.

## I. Requests for Admissions

In its Answer to Plaintiff's Requests for Admission, Defendant objected to Plaintiff's Request No. 44 requesting Defendant to admit the appraisal and redemption process of Plaintiff's stock has yet to be consummated, and request No. 45 requesting Defendant to admit that Defendant has not yet purchased and paid for Plaintiff's stock. Defendant claims those requests call for legal conclusions. The Court found that Request No. 45 does not call for a legal conclusion, but rather seeks an admission of fact regarding whether an event occurred. Thus, Defendant's objection that Request No. 45 calls for a legal conclusion is overruled.

As for Request No. 44, Defendant argued that the question of whether the appraisal and redemption process was "consummated" was ambiguous. In the context of this Complaint and these requests, the Court agrees. The Complaint lays out a complex and multi-tiered appraisal and redemption process, and thus the Court sustains Defendant's objection on Request No. 44. As noted at the hearing, this ruling is without prejudice to Plaintiff advancing additional requests regarding more specific questions about various steps within the appraisal process and whether or not they occurred.

## II. Interrogatories

Defendant objected to Interrogatory Nos. 3, 6, and 8 on the grounds that financial information post October 2018 is not relevant. The Court found that no threshold showing of relevance has been made, nor is such relevance apparent from the Complaint. Indeed, Plaintiff's claims seek final judgment in an amount based off on an October 31, 2018 appraisal. As such, Defendant's objections to Interrogatory Nos. 3, 6, and 8 are sustained. Notwithstanding, Plaintiff

2

was afforded leave to brief the issue of relevance on this dispute and may file a memorandum within 14 days, no longer than 10 pages. If Plaintiff chooses to file such a memorandum, Defendant shall have until July 23, 2021 to respond. If oral argument is sought on the memorandum, that request must be included in the memorandum or response thereto.

**III.     Requests for Production**

Lastly, Plaintiff requests the Court compel amended answers to Requests for Production Nos. 1, 9, 10, 11, 13, 14, 15, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, and 52, arguing this should be so both because they include formulaic objections followed by an answer and because the parties dispute the discoverability of communications and documents post October 2018.

The Court agrees that Defendant's responses include formulaic objections. While the Court does not find it necessary for Defendant to completely revise its responses, Defendant must amend the responses to clearly identify what documents, if any, are being withheld the basis on Defendant's assertions of privilege. As to Defendant's objections regarding post October 2018 documents, Defendant's objections are again sustained, and will be reconsidered if Plaintiff chooses to file a memorandum demonstrating the relevance of such documents.

**DONE AND ORDERED** in Chambers, at Miami, Florida, this 29th day of June, 2021.

_____
**LAUREN FLEISCHER LOUIS**
**UNITED STATES MAGISTRATE JUDGE**