**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO.: 1:20-cv-22987-BLOOM/LOUIS

| | |
|---|---|
| JUAN SARDIÑAS, | ) |
| Plaintiff/Counter-Defendant, | ) |
| v. | ) |
| MIAMI VETERINARY SPECIALISTS, P.A., | ) |
| Defendant/Counter-Plaintiff. | ) |

## ORDER

**THIS MATTER** is before the Court on Plaintiff/Counter-Defendant Dr. Juan Sardiñas' ("Plaintiff") Memorandum Regarding Production of Defendant's Financial Documents and Information Subsequent to October 2018. Having reviewed the Memorandum, Defendant's Response thereto (ECF No. 69) and being otherwise duly advised on the matter, Defendant's objections to the production of the documents are sustained.

This matter initially came before the Court upon Plaintiff's Amended Notice of Telephonic Discovery Hearing, (ECF No. 62). A hearing was held on June 29, 2021 at which Plaintiff challenged Defendant's objections to financial information from after October 2018. Specifically, Defendant objected to the production of post October 2018 financial documents on the grounds of relevance. At the hearing, Plaintiff averred that such post October 2018 financial information is relevant because Defendant's business appraisal, which is significantly lower than Plaintiff's own appraisal, was predicated in part on future projections, and Plaintiff contends the financial information from after October 2018 will show the inaccuracies of those projections. However, as explained by Defendant, the projections were made based on information available at the time of

the appraisal—October 2018—so later financials cannot be used as a basis to challenge the appraisal as it stood at the time.

At the hearing, I found that Plaintiff failed to make a threshold showing of relevance (ECF No. 64), noting that "Plaintiff's claims seek final judgment in an amount based off on an October 31, 2018 appraisal" (*id.*), and thus the relevant inquiry is whether the projections on which the appraisal was based were reasonable at the time of the appraisal, not whether the projections were ultimately correct. Plaintiff sought leave to brief the issue of relevance regarding post October 2018 financial documents, which was granted (*id.*).

Plaintiff timely filed his memorandum, again arguing that post October 2018 documents are relevant on the grounds that Defendant's appraisal and expert reports are based on a future "economic outlook," which includes various events subsequent to October 31, 2018. Thus, Plaintiff proffers, the sought after financial documents are relevant to "test the reasonableness of the projections . . . ." (ECF No. 68 at 5). Plaintiff alternatively argues that, as a shareholder, he is entitled to the requested documents under Section 607.1602(1), Florida Statutes.

In Response, Defendant again explains that its business valuation was "conducted upon information that was **known or knowable as of the effective date of the valuation**" pursuant to industry standards (ECF No. 69 (emphasis in original)). Defendant further claims that, consistent with the Court's prior remarks, information after a valuation date should not be used to conduct a hindsight analysis of a business valuation. Defendant relies on *Mistretta v. Mistretta*, 31 So. 3d 206, 208–09 (Fla. 1st DCA 2010), in which the court recognized that "projections of future revenues, expenses and income necessarily depend, not only on known or knowable facts already

in existence, but also on assumptions about the future that will not always, if ever, be entirely accurate."[1]

Whether or not Plaintiff may be able to demand the financials on the basis that he is a shareholder, the present discovery dispute requires him first to demonstrate that the documents he seeks to compel are relevant to some claim or defense in dispute in this case. Fed. R. Civ. Pro. 26(b)(1). With the benefit of briefing, my finding is unchanged that Plaintiff has not demonstrated that financial information post-dating October 2018 is relevant to the proffered need to challenge the reasonableness of an appraisal conducted in October 2018.

**DONE AND ORDERED** in Chambers, at Miami, Florida, this 5th day of August, 2021.

_____
**LAUREN FLEISCHER LOUIS**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] The undersigned notes that the *Mistretta* court did not make a finding as to the relevance of post-projection financial information. Rather, the court addressed whether post-projection financial information could form the basis for a new trial; the court found that it could not.